## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                  No. CR 19-0764 JB

RAYMOND BLAIR KOSIER; TONIANN
SANDOVAL; and DONALD CHARLES
GIBSON,

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's *Sealed* Objections to Presentence Report at 2, filed December 4, 2019 (Doc. 70)("Objections"). The Court held a sentencing hearing on December 11, 2019. Defendant Donald Charles Gibson objects to a proposed 2-level increase to Gibson's offense level under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm. Gibson makes two arguments regarding U.S.S.G. § 2D1.1(b)(1)'s application. First, he argues that "[t]here is no evidence Mr. Gibson actually possessed the firearm." Objections at 2. Next, he argues that "there is no evidence that the firearm was part of the drug deal as possessed by a person involved in the drug deal . . . as USSG § 2D1.1(b)(1) ordinarily requires." Objections at 2. See Presentence Investigation Report ¶ 21, at 7, filed November 1, 2019 (Doc. 66)("PSR"). The Court concludes that, because the gun was present during the methamphetamine transaction, the 2-level enhancement under U.S.S.G. § 2D1.1(b)(1) is appropriate.

The PSR notes that, during the drug transaction,

> The CI arrived and was greeted by Kosier. Kosier introduced the CI to co-defendant, **Donald Gibson**, who was in a back bedroom with a female named Jenna LNU and they appeared to be smoking methamphetamine. Kosier stated he needed to retrieve the methamphetamine from the back of the property where [Gibson's]

brother lived and **Gibson** took the CI back to the living room as the CI told them he did not want to be in that room as that was not "his thing". Kosier returned shortly after and handed the CI a plastic bag containing methamphetamine. The CI asked about the firearm and Kosier retrieved a silver revolver. The CI provided the official funds of $610 to **Gibson** and left the residence with the drugs and firearm.

PSR ¶ 11, at 5 (bold in original).

Gibson first argues that "[t]here is no evidence Mr. Gibson actually possessed the firearm." Objections at 2. The Addendum to the Presentence Report, filed December 9, 2019 (Doc. 73)("Addendum"), does not specifically address this argument. See Addendum at 1. In the United States Court of Appeals for the Tenth Circuit, where a defendant is convicted of conspiracy to traffic drugs, "the straightforward application of the Guidelines provision authorizes the increase in offense level even if the gun was actually possessed only by [a co-conspirator]." United States v. Humphrey, 208 F.3d 1190, 1210 (10th Cir. 2000). See United States v. Griego, No. CR 08-2936 JB, 2013 WL 1655917, at *13 (D.N.M. April 1, 2013)(Browning, J.). The Court concludes that there is sufficient evidence that Gibson possessed the firearm. In Gibson's Plea Agreement, filed September 4, 2019 (Doc. 58), Gibson states that he "knowingly possessed a firearm . . . . On the same day, and at the same place, I also possessed more than 5 grams of methamphetamine with the intent that it be distributed to another person." Plea Agreement at 5.

Gibson's second argument is that "there is no evidence that the firearm was part of the drug deal as possessed by a person involved in the drug deal . . . as USSG § 2D1.1(b)(1) ordinarily requires." Objections at 2. He argues that "Kosier's sale of firearms on two separate occasions shows that the sale of the firearm in this transaction was not connected to the drug deal" and that the firearm deal was "in addition to, not connected with, the methamphetamine deal." Objections at 2.

The Tenth Circuit has held that, for § 2D1.1(b)(1)'s enhancement to apply, "[t]he

government must show by a preponderance of the evidence that 'a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant.'" United States v. Sallis, 533 F.3d 1218, 1225 (10th Cir. 2008)(quoting United States v. Pompey, 264 F.3d 1176, 1180 (10th Cir. 2008)).  "For purposes of § 2D1.1(b)(1), the government need only show that 'the weapon was found in the same location where drugs or drug paraphernalia are stored.'" United States v. Zavalza-Rodriguez, 379 F.3d 1182, 1187 (10th Cir. 2004)(quoting United States v. Roederer, 11 F.3d 973, 982-83 (10th Cir. 1993)).  See United States v. Williams, 431 F.3d 1234, 1237 (10th Cir. 2005).  "The plain language of section 2D1.1(b)(1) and its commentary permit a trial judge to enhance a drug defendant's sentence for mere possession of a dangerous weapon even if there is no evidence other than proximity to suggest the gun was connected to the offense." United States v. Roberts, 980 F.2d 645, 647 (10th Cir. 1992).  See United States v. Castillo-Nava, 347 F. Supp. 3d 743, 747 (D.N.M. 2018)(Browning, J.)("The enhancement applies if the weapon was present at any point in the offense or during relevant conduct for which the defendant is responsible.").  Section 2D1.1(b)(1)'s proximity requirement is satisfied, for example, when firearms are exchanged for drugs.  See United States v. Guzman-Aviles, 663 F. App'x 674, 677 (10th Cir. 2016)(unpublished)[1]; United States v. Robertson, 45 F.3d 1423, 1450 (10th Cir. 1995).

---

[1]United States v. Guzman-Aviles is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court finds United States v. Guzman-Aviles; United States v. Henderson, 604 F. App'x 655 (10th Cir. 2015); and United

The Tenth Circuit has addressed similar facts on a few occasions. Based on the Tenth Circuit's reasoning, U.S.S.G. § 2D1.1(b)(1)'s enhancement will apply if the facts establish that a firearm was sold in close, physical proximity to the drugs. See United States v. Henderson, 604 F. App'x 655 (10th Cir. 2015)(unpublished); United States v. Castro-Perez, 749 F.3d 1209 (10th Cir. 2014); United States v. McFarlin, 202 F.3d 283, 1999 WL 1127649 (10th Cir. 1999)(unpublished). In United States v. Castro-Perez, the district court applied U.S.S.G. § 2D1.1(b)(1)'s enhancement where the defendant sold a gun to an undercover agent on the same day he also sold cocaine to the same agent. See 749 F.3d at 1210. The Tenth Circuit noted that "there was no physical relation between the weapon and the drug trafficking activity," because the gun was delivered after the drug transaction, and there was no evidence that the gun was carried during the drug sale. 749 F.3d at 1211. The Tenth Circuit remanded the case for the district court to vacate the sentence and to resentence the defendant, observing that "[a]s much as the government would like to avoid it, physical proximity is a touchstone of the § 2D1.1(b)(1) firearm enhancement, even if established through relevant conduct or that of a coconspirator." United States v. Castro-Perez, 749 F.3d at 1211.

The Tenth Circuit similarly reversed a district court's 2-level enhancement in United States v. Henderson, 604 F. App'x 655. In that case, an informant, who had already made three controlled methamphetamine purchases from the defendant, purchased a handgun from the defendant. See 604 F. App'x at 656. The facts showed that, during the handgun purchase, "the informant inquired about purchasing methamphetamine. Henderson explained that he would not have any

---

States v. McFarlin, 202 F.3d 283, 1999 WL 1127649 (10th Cir. 1999) have persuasive value with respect to material issues and will assist the Court in its disposition of this Memorandum Opinion and Order.

methamphetamine until later that day. At that time, Henderson made arrangements on his cell phone to receive methamphetamine from his supplier." 604 F. App'x at 656-57. The Tenth Circuit agreed with all parties that the district court erroneously applied the 2-level enhancement, because "the physical link between the firearm and drugs in Henderson's case is even more attenuated than in Castro-Perez." United States v. Henderson, 604 F. App'x at 657.

The Tenth Circuit affirmed a 2-level enhancement under U.S.S.G. § 2D1.1(b)(1) where the defendant sold methamphetamine and a gun simultaneously. In United States v. McFarlin, 202 F.3d 283, 1999 WL 1127649, the defendant sold methamphetamine to an undercover agent, who then asked whether the defendant had any guns for sale. See 1999 WL 1127649 at *1. The defendant sent an informant to retrieve a gun, which he then sold to the undercover agent. See 1999 WL 1127649 at *1. The Tenth Circuit affirmed the 2-level enhancement, and rejected the defendant's arguments that, because the sale of the gun and the methamphetamine were separate transactions, the defendant's possession of the gun was not related to the drug sale. See 1999 WL 1127649 at *2. The Tenth Circuit concluded that the case's facts

> do not meet Defendant's burden of showing that the district court clearly erred in finding that Defendant's possession of the gun was related to the drug sale. The proximity of the gun and the drugs is sufficient evidence of relatedness, even if the transactions were separate. Defendant's contentions that the gun was intended for sale, was unloaded, and was not readily accessible do not show that there was no increase in the danger of violence.

1999 WL 1127649 at *2.

In this case, the firearm was sold contemporaneously with the methamphetamine. See PSR ¶ 11, at 5. Gibson also admits in his plea agreement that he possessed a firearm "on the same day, and at the same place." Plea Agreement at 5. These facts establish the "temporal and physical relation" between the drug-trafficking and the firearm necessary for § 2D1.1(b)(1)'s application. United States v. Sallis, 533 F.3d at 1225. This conclusion shifts the burden to the defendant to

show that it is "clearly improbable" that the firearm was connected to the offense.  United States v. Thomas, 749 F.3d 1302, 1317 (10th Cir. 2014).

The Court concludes that Gibson has not shown that it is "clearly improbable" that the firearm was connected to the offense.  He argues that it was "clearly improbable" to connect the weapon to the offense, because Kosier previously sold firearms to the confidential informant before selling the methamphetamine and firearm.  Objections at 2.  Application Note 11 to U.S. Sentencing Guidelines § 2D1.1 states that the 2-level enhancement "reflects the increased danger of violence when drug traffickers possess weapons."  It states that the enhancement does not apply in a scenario where the defendant is arrested at home with an unloaded hunting rifle in the closet. See Application Note 11, U.S.S.G. § 2D1.1.  In United States v. McFarlin, 1999 WL 1127649, the Tenth Circuit stated that the "Defendant's contentions that the gun was intended for sale, was unloaded, and was not readily accessible do not show that there was no increase in the danger of violence." 1999 WL 1127649 at *2.  Similarly, here, Gibson's argument that the gun was for sale does not show that there was no increase in danger of violence.  Accordingly, the Court will overrule Gibson's objection to U.S.S.G. § 2D1.1(b)(1)'s 2-level enhancement.

Gibson also objects to the PSR's recommendation that the Court include sex offender conditions in his conditions of supervised release.  See Objections at 7-8.  Gibson argues that he was convicted of a sex offense in 2005, but, as of January, 2019, no longer has to register as a sex offender.  See Objections at 7.  The United States Probation Office responds that, "[i]f the defendant is no longer obligated to comply with registration, then this condition will have no impact."  Addendum at 2.  Gibson has since submitted Defendant's *Sealed* Supplement to *Sealed* Objections to Presentence Report, filed December 10, 2019 (Doc. 74)("Supplement"), and attaches a letter from the New Mexico Department of Public Safety stating that he no longer is required to register as a sex offender.  See

- 6 -

Supplement at 3.

The USPO argues further that, "[h]aving a new evaluation will allow U.S. Probation to assess the defendant's risk and need levels.  Just as prior substance abuse may justify substance abuse conditions, a prior sexual offense may warrant specific conditions."  Addendum at 2.  The Court decided a similar issue in United States v. Mollohan, 41 F. Supp. 3d 1024 (D.N.M. 2014)(Browning, J.).  In that case, the PSR called for the defendant to undergo a psychosexual evaluation and participate in sex offender treatment upon release.  See 41 F. Supp. 3d at 1025.  The Court reviewed caselaw from the Tenth Circuit and other courts, and found only one case where special sex-offender conditions for supervised release were upheld where the conviction was more than ten years old.  See 41 F. Supp. 3d at 1026.  In contrast, it cited cases from the United States Court of Appeals for the First, Sixth, Eight, Ninth, and Tenth Circuits that found an abuse of discretion where district courts ordered such conditions of release.  See 41 F. Supp. 3d at 1025-26.  The Court concluded that it would not impose the condition of release, because "the majority of United States Courts of Appeals have found abuse of discretion in cases where the district court orders special sex-offender conditions of release based on sex offenses that are more than ten years old," and because there was no suggestion that the conduct for which the defendant was sentenced was in any way similar to his previous sex offense.  41 F. Supp. 3d at 1026.  See United States v. Bearden, 2015 WL 13651135, at *4 (D.N.M. 2015)(Vásquez, J.)(concluding that it would impose the requested conditions of supervised release, because a recent psychological exam showed that the defendant was likely to engage in future criminal sexual behavior).  Accordingly, because Gibson's current conduct is not similar to his past sex offense, the Court will sustain his objection to the PSR and will not impose the requested condition of supervised release.

**IT IS ORDERED** that the objections in the Defendant's *Sealed* Objections to Presentence Report, filed December 4, 2019 (Doc. 70), are sustained in part and overruled in part.  The objection to the 2-level enhancement under U.S.S.G. § 2D1.1(b)(1) is overruled, and the objection to the proposed sex offender conditions of supervised release is sustained.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

John C. Anderson
    United States Attorney
Paul Mysliwiec
    Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

Todd Bruce Hotchkiss
Todd B. Hotchkiss, Attorney at Law, LLC
Albuquerque, New Mexico

        *Attorney for the Defendant*